Jonathan A. Virgin and Samuel S. Virgin, plaintiffs in error, vs. Paul S. Dinkins, defendant in error.

The purchasers of property agreed to pay for it to the vendor, who was to discharge certain debts out of the money thus received. The purchasers performed their part, but the vendor did not pay off the debts according to his undertaking. Held, that the purchasers will not be compelled, in Equity, at the instance of the creditors, to pay said debts. The purchasers are not trustees for the creditors.

In Equity. In Bibb Superior Court. Motion for New Trial. Decided by Judge Cole. November Term, 1866.

Prior to September 3, 1853, Dinkins, the defendant in error, being the holder of an execution against one Van-Valkenburgh, entered into a contract with one Marcus A. Franklin, who held a mortgage upon some and had conditionally bought other property of the said VanValkenburgh's, not to press said execution against said property; and Franklin, on his part, agreed to cause the execution to be provided for or paid out of said property.

Subsequently to the making of this contract, Franklin and the plaintiffs in error entered into the following:

"Georgia,  }
  Bibb County, }

          We, the undersigned, being desirous of

purchasing of Marcus A. Franklin, the property known as the VanValkenburgh property (*describing it*) : Now, this is to make known that we occupy the above described property simply as tenants at will of said Franklin, until we shall pay or cause to be paid to him the following sums, namely : Six thousand five hundred and fifty-six dollars, together with lawful interest upon the same from date : (*also, certain notes described*) also the executions against said VanValkenburgh in the hands of John Rutherford—said executions being in favor of Paul Dinkins. * * The acknowledgment of M. A. Franklin as to the notes and executions referred to, shall be a sufficient identification. Now, the conditions of the contract are such, that so long as we shall pay to said Franklin the sum of $300.00, every two months until the above amounts, namely, $6.556.00, the notes * * and the executions * above mentioned, are fully paid, we are to, remain in undisturbed possession and use of said property ; and when said sums are fully liquidated, the said Franklin shall make full and sufficient titles to the property. * * *

Provided, nevertheless, if we or either of us should fail to make the payments upon the day and month as above agreed upon, namely, $300.00 on the first day of every second month, the first payment falling due on the 1st September, 1853, and the succceeding payments on the first day of every second month thereafter, until the full liquidation of the sums hereinbefore mentioned, then this tenantcy contract is void, and of no effect, and we admit the right of said Franklin to the above described property to be in full force, together with the power to dispossess us at discretion : Also, such sums as may have been paid to said Franklin, shall not be reclaimed by us, nor shall they bear interest from date of payment, but shall accrue to said Franklin as payment for rent of said property.

In witness whereof, we have hereunto set our hands and seals, September 3, 1853.

J. A. VIRGIN, [L.S.]
SAM'L S. VIRGIN, [L.S.]

Witnesses—A. A. MENARD.
GEORGE PAYNE."

"I agree to be bound by the above contract in all particulars.

MARCUS A. FRANKLIN, [L.S."]

In April, 1866, Dinkins filed his bill in Equity against the two Virgins, praying that they might be compelled to perform specifically the foregoing covenant in his behalf, by paying to him the amount due upon his said execution against VanValkenburgh.

At the trial the facts were agreed upon by counsel as follows: "That the contract set out in the bill was mutually executed by M. A. Franklin and defendants; that the fi. fa. spoken of therein, as being in favor of Paul Dinkins, was then, and now is, the property of said Dinkins, and so known to defendants; that in the settlement between the defendants and Franklin's Administratrix, evidenced by the receipt, the substance of which is copied on this paper, said Dinkins' fi. fa. was not spoken of, nor any money specifically paid by defendants for the extinguishment of said fi. fa., nor has it been paid to plaintiff, or to Franklin or his representatives, unless the said receipt proves it; that defendants' answer sets up and relies upon said receipt; that the bill correctly sets out the agreement between Franklin and Dinkins as to providing for said fi. fa.; that the Virgins made a full settlement with Franklin's Administratrix, and got title to the property specified therein; and that said receipt certifies the settlement to be in full of the stipulations of the Virgins' agreement with Franklin's estate.

*Copy Receipt.*

"The stipulations and payments under the within contract have been fully complied with by a settlement and compromise this day made with Messrs. J. A. & S. S. Virgin, this April 13, 1859.

L. N. WHITTLE,
*Attorney for Mrs. M. A. Franklin,*
*Executrix of M. A. Franklin.*

The jury found and decreed in favor of the complainant, after which the defendants moved for a new trial:

1. Because the jury found contrary to the evidence.

2. Because the Court erred in charging the jury there was privity between Dinkins and defendants, arising on the contract between defendants and Franklin; and that he could recover on such contract, notwithstanding the receipt of Franklin's representatives extinguishing the said contract, and in full of the stipulations of the Virgins' agreement with Franklin contained therein.

3. Because the Court erred in charging the jury that, after a full settlement with Franklin, Dinkins had a right to open the settlement and explain such receipt; and if the jury believed the Dinkins fi. fa., agreed to be paid by the defendants, had not been paid, they ought to find for the complainant.

The Court refused a new trial, and that is complained of as error.

LOCHRANE & BACON, for plaintiffs in error.

RUTHERFORD, for defendant.

LUMPKIN, C. J.

Dinkins' execution not having been paid under the agreement between Dr. Franklin and the Virgins, the question is, can a Court of Equity hold the Virgins as trustees for Dinkins' debt, and they decreed specifically to pay it? We think not.

They never stipulated to perform the contract of September, 1853, made with Dr. Franklin for the benefit of Mr. Dinkins. They never undertook to pay him, or cause him to be paid, by Franklin, one dollar. In fixing the amount that the Virgins were to pay Franklin, Dinkins' debt is mentioned, and in this connexion only. But for this purpose it never would have been referred to.

The evidence shows that the Virgins have punctually kept what seemed to be a rather stringent contract. The whole

consideration for the purchase made of Franklin has been discharged. If Dinkins can look to any other person than VanValkenburgh to pay his execution, equity would seem to point to another, and not the Virgins. That Franklin could be charged as trustee for Dinkins may be admitted; but we totally deny the liability of the Virgins to be made trustees under this agreement. What privity is there between them? None. As to Franklin being made a trustee for Dinkins, we withhold our judgment on that point, as it is not made in the case now before us.

We have examined carefully the authorities of *Gordon vs. Gordon*, 3, *Swanston* 399, and the long note appended to the report; also, the case of *Gregory and Parker vs. Williams*, 3, *Merivale* 580, and the marked distinction between these two cases and the one before us is, in the former there is privity in contract; in the latter there is none.

As to the proposition to open the receipt executed by Dr. Franklin's estate to the Virgins, the same objection applies. What right has Dinkins to interfere in this matter? It is between third parties, and any settlement between them does not concern him. If any property has been transferred by Franklin to the Virgins belonging to VanValkenburgh subject to Dinkins' execution, his lien is not displaced, unless his agreement with Franklin has had that effect.

Judgment reversed.